UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARBIN JIMENEZ,** | : |
|     **Petitioner** | :   **CIVIL ACTION NO. 3:24-0132** |
|     **v** | :          **(JUDGE MANNION)** |
| **WARDEN, LSCI-ALLENWOOD** | : |
|     **Respondent** | : |

**MEMORANDUM**

**I.    Background**

On January 23, 2024, Marbin Jimenez, a former inmate confined in the Allenwood Low Security Correctional Institution, White Deer, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1, petition).

Jimenez challenges the Bureau of Prisons' (BOP) decision to deny him earned time credits under the First Step Act based on Petitioner having a final order of deportation against him. Id. He claims that he does not have a final order of deportation against him and requests that the "Court order the BOP to correct Petitioner's classification to 'eligible' and apply all of Petitioner's earned FSA time credit towards Petitioner's sentence." Id.

A review of the Federal Bureau of Prisons Inmate Locater reveals that Jimenez was released from SCI-Schuylkill custody on February 9, 2024. See https://www.bop.gov/inmateloc/.

For the reasons set forth below, the instant petition will be dismissed as moot.

## II.  Discussion

The case or controversy requirement of Article III, §2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477–78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or

controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F.Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488 (1974)). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." Lane v. Williams, 455 U.S. 624, 631 (1982).

In the instant case, because Jimenez has been released from custody, his habeas petition has been rendered moot. See Rodriguez-Leon v. Warden, 602 F. App'x 854 (3d Cir. 2015); Scott v. Schuylkill FCI, 298 F. App'x 202 (3d Cir. 2008); Scott v. Holt, 297 F. App'x 154 (3d Cir. 2008).

### III. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.

*[signature]*

MALACHY E. MANNION
United States District Judge

Date: March /, 2024
24-0132-01